## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

PETER R. RUMBIN,

                Plaintiff,

  v.

ARNE DUNCAN, ET AL.

                Defendants.

3:11-CV-00904 (CSH)

## RULING ON MOTION FOR PROTECTIVE ORDER
## AND PROTECTIVE ORDER

HAIGHT, Senior District Judge:

      Defendant Beth Harris filed a Motion for Protective Order [Doc. 39] on July 18, 2012.  She seeks an order (1) prohibiting Plaintiff from contacting defense counsel via telephone and visiting defense counsel's office; and (2) requiring Plaintiff to communicate with defense counsel only in writing.  In support of that Motion, she filed an affidavit from one of her attorneys, Colleen Noonan Davis [Doc. 39-1] asserting that Plaintiff spoke abusively and made threats during telephone calls on July 12, 2012.  The time for objection has passed, and Plaintiff has made no objection to this Motion.

      This Court possesses an inherent power to control litigants.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).  This power extends to the issuance of protective orders placing limits on one party's contacts with another party or its counsel.  *See, e.g., Smith v. Mercer*, No. 1:09-CV-3008, 2011 WL 3204615, at *1 (N.D.Ga. 2011) (protective order preventing the plaintiff from contacting the defendant's former counsel at her residence); *Busse v. Lee County, Florida*, No. 2:07-cv-228-

1

FtM-29SPC, 2007 WL 4350863, at *4 (M.D.Fla. 2007) (protective order directing the plaintiff not to contact parties not represented by counsel or employees of the defendants).

The conduct and threats described by Davis in her affidavit, assuming they occurred, would certainly justify the requested protective order.  In the absence of any objection or other response from Plaintiff, the Court finds that good cause exists for such an order to issue.  This finding is not made for any purpose other the present Ruling, and shall not be otherwise applied.  Consequently, the Court GRANTS the Motion for Protective Order and ORDERS as follows:

(1)   Plaintiff is prohibited from contacting defense counsel by telephone or visiting the offices of any defense counsel; and

(2)   Plaintiff is required to communicate with defense counsel only in writing.

It is SO ORDERED.
Dated: New Haven, Connecticut
August 20, 2012

　　　　/s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge

2