UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PETER R. RUMBIN,

           Plaintiff,

v.                                        3:11-CV-00904 (CSH)

ARNE DUNCAN, ET AL.                  February 17, 2016.

           Defendants.

## RULING ON PLAINTIFF'S APPEAL AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS DECISION

HAIGHT, Senior District Judge:

       Plaintiff Peter R. Rumbin brought this suit against the University of Chicago and one of its administrators as well as against several officials in the United States Government. This case concerns the disposition of two of the Plaintiff's student loans. Plaintiff has defaulted on the loans, which resulted in the United States making deductions from Plaintiff's monthly Social Security payments. This Court's prior opinion [Doc. 50] ("June 25, 2014 Ruling") granted summary judgment as to the University of Chicago and its administrator.[1] Rumbin has filed, as an objection to the Government's Renewed Motion to Dismiss, this objection [Doc. 53] which purports to appeal and object to the Court's ruling granting summary judgment for the University of Chicago. The Court construes this as a motion for reconsideration of the June 25, 2014 Ruling.

---

[1] Familiarity with the facts is presumed for the purposes of this Ruling, but the facts of this case are laid out in the June 25, 2014 Ruling [Doc. 50].

The standard for granting a motion for reconsideration is "strict" and will be denied unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration of a ruling by a Court generally requires "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (*quoting* 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478 at 790 (1981)). Courts do not consider motions for reconsideration that are used to "relitigat[e] old issues, present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Rumbin's motion points to no controlling law nor any facts that would alter the conclusions reached by the court. Rumbin notes only that "[t]o permit the U. of Chicago to be free and to go unpunished for their dishonesty is wrong."  One may perhaps sympathize with Rumbin's perception that the University of Chicago deceived him when he took out loans to cover his educational costs there. But, that does not mean that he has a legal remedy. Nor is it sufficient to revive his claims against the University of Chicago that were dismissed in the June 25, 2014 Ruling.  Rumbin's motion for reconsideration is denied.

Additionally, under the local rules, motions for reconsideration must be filed within fourteen days of the filing of the decision from which relief is sought. D. Conn. L. Civ. R. 7(c). Rumbin filed his motion for reconsideration forty-two days after the order was entered. Thus, Rumbin's motion for reconsideration is also untimely, a separate ground for denying it.

### III. CONCLUSION

For the foregoing reasons, the motion is decided as follows:

Plaintiff's motion for reconsideration [Doc. 53] of the Court's June 25, 2014 Ruling is DENIED.


It is SO ORDERED.

Dated: New Haven, Connecticut

February 17, 2016

                                              */s/ Charles S. Haight, Jr.*

                                              Charles S. Haight, Jr.

                                              Senior United States District Judge